## 37175. CHAPPELL v. CLEGG.

TOWNSEND, Judge. Code § 6-1608 provides: "The first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." It is never an abuse of discretion to grant a new trial where the evidence is in conflict. *Awbrey* v. *Foster,* 138 *Ga.*

94 (74 S. E. 758); *Tri-State Augusta, Inc.* v. *Woodward Lumber Co.,* 88 *Ga. App.* 748 (77 S. E. 2d 769). In the present action for damages for personal injuries sustained by the plaintiff while a guest passenger in the defendant's automobile, the evidence of the defendant that when he made the U-turn he was entirely on the premises occupied by a filling station except that the wheels on one side of the car entered the paved portion of the road a distance of not over 2 or 3 feet; that the paved road was 20 feet wide with dirt shoulders 8 to 10 feet wide on each side; that before entering the highway he looked in both directions and saw no one coming; that the codefendant's automobile suddenly approached him at the excessive speed of 75 miles an hour; that the codefendant veered to the right, partially off the paved surface of the road, and struck him head on, and that the host operator was moving only 5 or 6 miles per hour at the time, made an issue of fact as to whether such operator was guilty of negligence proximately causing the plaintiff's injuries, there being other evidence to the effect that his negligence in entering and crossing over the highway was the proximate cause. Under these circumstances the trial court did not abuse his discretion in the first grant of a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JUNE 23, 1958.

*Kermit C. Bradford,* for plaintiff in error.
*Shirley C. Boykin,* contra.